| 715-17-19 BOURBON STREET, L.L.C. | * | NO. 2023-CA-0613 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| THE CITY OF NEW ORLEANS AND THE VIEUX CARRE COMMISSION | * | FOURTH CIRCUIT |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10770, DIVISION "F-14"
Honorable Jennifer M Medley
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rachael D. Johnson, Judge Karen K. Herman)


Irl R. Silverstein
THE SILVERSTEIN LAW FIRM, APLC
3324 N. Causeway Blvd., Suite 200
Metairie, LA 70002

      COUNSEL FOR PLAINTIFF/APPELLANT

Shawn Lindsay
Deputy City Attorney
Donesia D. Turner
City Attorney
CITY HALL
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112



      COUNSEL FOR DEFENDANT/APPELLEE

                **AFFIRMED**
              **April 15, 2024**

RLB
RDJ
KKH

This permit dispute arises from the denial of 715-17-19 Bourbon Street, LLC's ("Appellant") proposal to modify its building in the French Quarter. Appellant appeals the trial court's March 28, 2023 judgment, in favor of the City of New Orleans ("City") and the Vieux Carré Commission ("VCC") (collectively referred to as "The Appellees") denying the Appellant's petition for judicial review of an administrative decision made by the VCC and affirmed by the City. For the reasons that follow, we affirm.

**FACTUAL BACKGROUND**

On September 10, 2020, Appellant applied for a permit to demolish and replace historical stoops, remove and replace historical doors, and lower existing door sills by eighteen inches at 717 Bourbon Street ("The Property").

The VCC's architectural review committee, which is composed of licensed architects, reviewed Appellant's application on October 22, 2019 and recommended denial by unanimous vote. The committee's decision noted that the building was historically significant because it had no apparent major alterations and drastic alterations were not necessary to improve access to the building.

1

The VCC staff also recommended denial but invited alternative proposals to provide accessibility in a less intrusive way. The application was deferred at Appellant's request.

Appellant reapplied requesting the same alterations on January 4, 2020. The VCC Staff noted that the "proposal would not provide accessibility to the building and would result in [numerous highly] atypical extra tall doors..." and disruption "of the historic building fabric that appears to be in overall good condition." The staff also concluded that exchanging the existing stoops would eliminate endangered building elements.

On appellant's third application on July 6, 2020 he argued that the VCC could not overrule the Americans with Disability Act's (ADA) requirements. The VCC Commissioner, Rick Fifield, noted that the proposal was not ADA compliant because every patron would still need to take the stairs.

On September 29, 2020, Appellant appealed the VCC's decision to the New Orleans City Council. On November 19, 2020, the City Council unanimously (6-0) denied the appeal, citing preservation of the quaint and distinctive character of the Property. The Council was guided by VCC Guidelines Sec. 08-3 to retain the stoops, retain the original historic doors, and lower the building heights to prevent drastic changes on a well-preserved, green-rated building[1] with historical significance.

---

[1] Green Rated Buildings are buildings of architectural or historical importance and have a greater level of importance for purposes of Staff review.

**PROCEDURAL HISTORY**

Appellant timely filed a Petition for Judicial Review and Writ of Mandamus in Civil District Court for Parish of Orleans. Appellant also filed a motion for leave to present additional evidence and witnesses, which the court denied. On application for supervisory writ, this Court also denied the motion.

The district court denied Appellant's Petition for Judicial Review and For Writ of Mandamus. Appellant filed a Motion for New Trial that was denied by the district court. Appellant now appeals the district court's judgment.

**DISCUSSION**

Appellant assigns the following errors: (1) the trial court failed to apply the standard of review set forth in the Louisiana Administrative Procedures Act, La. R.S. § 49:964(G) ("the APA"); and (2) alternatively, in the event that the provisions of the APA are inapplicable to the judicial review, then the trial court erred in finding that the VCC's and City Council's denials of Appellant's permit application were not arbitrary and capricious.

Appellant's first argument is that the trial court failed to apply the standard of review set forth in the APA. Appellant states that the trial court adopted its pre-hearing and post-hearing memoranda, which found that the decisions made by the VCC and the City were "...arbitrary or capricious and the decision is not supported and sustainable by a preponderance of the evidence in accordance with applicable law."

The APA includes La. R.S. 49:964(G), which provides that a court may modify or reverse an agency's decision when the decision is:

> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;

(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court....

Appellant maintains that subsections La. R.S. 49:964 (G)(5) and (6) apply to the City Council and VCC's ruling on the denial of the proposed changes.

Appellees contend that this Court has held that the proper standard of review of land use decisions of the City Council is whether the decision was arbitrary and capricious, or characterized by an abuse of discretion. *Garber* v. *City of New Orleans,* 16-1298 (La. App. 4 Cir. 12/13/17); 234 So.3d 992, 996998. They reference that the decisions of the City and the VCC related to zoning are subject to the police power of the City, but courts will not interfere with these decisions unless the action has no relation to public health, safety, or general welfare.[2] In this case, the record establishes that the VCC's recommendation was based on preserving the *tout ensemble* of the historic Property and its original architectural features. The New Orleans, La., City Code Sec. 166-151 describes *tout ensemble* as:

the historic character and ambience, characterized by quaint, historic or distinctive architectural styles; landscaped patios, courtyards, public alleys and squares; interesting and diverse retail shopping stores and shops; pleasing and proportionately scaled streetscapes; buildings attractive to and compatible with pedestrian activity; use and presence of indigenous building materials and flora; and diverse peoples, cultural attractions and facilities.

Appellant argues in the alternative that even if the APA is not applicable, the trial court still should have found that the decisions of the VCC were arbitrary and

---

[2] Id. At 996.

capricious. Appellant believes that the applicable standard of review is that the court "...will not interfere with the functions of these bodies in the exercise of the discretion vested in them unless such bodies abuse this power by acting capriciously or arbitrarily." *Herman v. City of New Orleans,* 14-0891 (La. App. 4 Cir. 1/21/15); 158 So. 3d 911, 915 (citing *Lake Terrace Property Owners Ass'n v. City of New Orleans*, 567 So. 2d 69, 74-75 (La.1990)). This Court has held that "'capriciously' has been defined as a conclusion of a commission when the conclusion is announced with no substantial evidence to support it, or a conclusion contrary to substantiated competent evidence," and "'arbitrary' implies a disregard of evidence or the proper weight thereof." *Herman*, 158 So.3d 911, 915-916. Appellant emphasizes that the original judgment of the trial court held that the VCC and the City were arbitrary and capricious. The trial court reversed their original judgment in response to the City's motion for new trial.

Appellant further claims that the classification of the building inherently makes the ruling by the VCC arbitrary and capricious. The staff report describes the property as one having Italianate and Victorian features. Appellant specifies that under the VCC guidelines, Italianate design "in general, reveals that stoops are not an element of design particular to those styles, nor even mentioned," and therefore the VCC's denial was arbitrary and capricious. Appellant relies on these characterizations as the basis of the claim that the VCC abandoned its normal guidelines in denying the permit and was by definition, arbitrary and capricious. Based on *Herman*, Appellant argues that this constitutes an abuse of power that requires the Court's input.

Appellee rebuts by showing the standard laid out in *Garber*, recognizing that pursuant to La. Const. art. VI, § 17, a local governmental subdivision may adopt

regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose. Appellant anchors its defense in the historical significance of the stoops on buildings and the steady decline in these building's features over the past half century.

Under the permit application process outlined in the VCC Guidelines, all applicants must obtain a VCC permit as well as all other necessary City permits prior to proceeding with any work. The VCC Guidelines Sec. 01-6, also note that in a more complex project, it may be necessary to reference several sections, such as the Guidelines for Balconies, Galleries & Porches (VCC Sec. 08-3)[3], Windows & Doors (VCC Sec. 07), and Storefronts (Sec. 13-8).

Appellant argues unconvincingly that the evidence does not support the VCC's denial of the request to remove and replace the three stoops. However, VCC Guidelines Sec. 08-3 explicitly requires that "the stoop or stairs be retained at each historic door entrance even if no longer in use." Stoops are defined as steps that lead directly to an entrance without a landing or porch.

Further, La. R.S. § 25:746(D)(3) explains that the district court's judicial review of a City Council decision of an appeal of a VCC decision under La. R.S. § 25:746(D)(1) "shall consider paramount the purpose and essential duties of the commission and its governing body or authority under the constitution, and the court shall liberally construe the purpose and essential duties in favor of preserving the quaint and distinctive character of the district." Because the VCC and City Council decided to preserve the distinctive character of the French Quarter, their

_____

[3] Section 08-03 states "Where a double residential building is converted to a single family home or when the main entrance is located on the side elevation, the VCC requires that the stoop or stairs be retained at each historic door entrance even if no longer in use."

denial of the permit to modify the building is reasonable and not arbitrary and capricious.

The City Council referenced their decision with the VCC's architectural committee's concern of the stark decrease of buildings with stoops in the French Quarter in their rationale for their denial, as well as, using the specific language regarding stoops contained in the VCC guidelines. Thus, there was a rational basis for its decision.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**